UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD N. ANTICOLA,

    Plaintiff,

v.                                    Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices..

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Richard N. Anticola is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC is a limited liability corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

6. Defendant regularly attempt to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. That all references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred medical bills for treatment he received. Plaintiff's obligation to pay said medical bills will be hereinafter be referred to as "the subject debts."

10. That the subject debts arose out of a transaction in which the money, services or property which was the subject of the transaction was primarily for personal, family and/or household purposes.. As such, said debts are "debts" as that term is defined by 15 U.S.C.§1692a(5).

11. That Plaintiff defaulted on his obligation to pay at least one of the subject debts, but believes that he paid one or more of other debts allegedly owed..

12. That Defendant was employed by medical service providers to whom Plaintiff allegedly owed the subject debts to attempt to collect said debt.

13. That in December of 2007, Defendant called and spoke to Plaintiff by telephone. Defendant demanded payment in full of all of the subject debts. Plaintiff replied that he wanted to check his records and a previous debt collector with whom he had dealt because he believed he had previously paid one or more of the subject debts, and also requested a written statement. Defendant then stated that they could not send out a written statement, and further stated, "You're a stiff and you probably won't pay your bills just like other people."

14. That by reason of the actions of the Defendant described in this complaint, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

## V. CAUSE OF ACTION

15. Plaintiffs repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 14 above.

16. The natural consequence of the statements made by Defendant to Plaintiff as described in this complaint were to harass, oppress and/or abuse Plaintiff. As such, Defendant violated 15 U.S.C.§1692d and 15 U.S.C.§1692d(2).

17. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff suffered actual damage, including becoming nervous, anxious, upset, and suffering from emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a) actual damages;

    (b) statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED**

Dated: January 15, 2008

                                                s/Kenneth R. Hiller
                                                Kenneth R. Hiller, Esq.
                                                Attorney for the Plaintiff
                                                2001 Niagara Falls Boulevard
                                                Amherst, NY 14228
                                                (716) 564-3288
                                                Email: khiller@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Richard N. Anticola, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 15, 2008          s/Richard N. Anticola
                                 Richard N. Anticola